

**ORDERED in the Southern District of Florida on January 28, 2008.**

Paul G. Hyman, Chief Judge
United States Bankruptcy Court

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION


In re:                                         CASE NO.:07-11728-BKC-PGH

WARREN C. MCDOWELL,                             Chapter 11

    Debtor(s).
_____/

JUDITH STEIN AND DAVID S.J.                     ADV. NO.:07-1564-BKC-PGH-A
NEUFELD,

    Plaintiff(s),

v.

WARREN C. MCDOWELL,

    Defendant(s).

_____/


**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS
AS TO COUNT IV OF THE SECOND AMENDED COMPLAINT**

    **THIS MATTER** came before the Court on November 27, 2007, upon

Warren C. McDowell's (the "Debtor") *Motion for Judgment on the Pleadings as to Count IV of the Second Amended Complaint* (the "Motion"). On December 14, 2007, the Plaintiffs, Judith Stein and David S.J. Neufeld, filed their *Opposition to Debtor's Motion for Judgment on the Pleadings as to Count IV of the Amended Complaint* (the "Response").

On October 25, 2007, the Plaintiffs filed their *Second Amended Complaint Objecting to Discharge and Dischargeability Pursuant to 11 U.S.C. §§ 727 and 523* (the "Amended Complaint"). Count IV of the Amended Complaint alleges that an award for sanctions issued against the Debtor by the New York Supreme Court constitutes a nondischargeable debt under § 523(a)(7). For the reasons stated below, the Court finds that the debt in question is not a nondischargeable debt within the meaning of § 523(a)(7).[1] Accordingly, the Court will grant the Motion and dismiss Count IV of the Amended Complaint.

## **ALLEGATIONS OF THE COMPLAINT**

The Plaintiffs previously filed suit against the Debtor in New York Supreme Court for breach of contract, fraud, and breach

---

[1]Count III of the Amended Complaint also alleges that the award for sanctions is nondischargeable under § 523(a)(6) as a debt for willful and malicious injury. The Court's findings and conclusions in this Order are limited specifically to the allegations in Count IV of the Amended Complaint.

of fiduciary duty.[2] On January 12, 2007, following a bench trial, the New York Supreme Court entered an Order and Judgment in favor of the Plaintiffs and sanctioned the Debtor $585,033.30 (the "Sanction Award"). The Sanction Award was entered against the Debtor under 22 N.Y.C.R.R. § 130-1.1, which provides that:

> The court, in its discretion, may award to any party or attorney in any civil action or proceeding before the court, except where prohibited by law, costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees, resulting from frivolous conduct....

22 N.Y.C.R.R. § 130-1.1(a).

Frivolous is defined in section 130-1.1(a) as conduct that is:

> (1) completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law;
>
> (2) is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or
>
> (3) asserts material factual statements that are false.

22 N.Y.C.R.R. § 130-1.1(c).

In its January 4, 2007, Memorandum Decision the New York Court stated that "[a]s a result of [the Debtor's] opprobrious behavior . . . he shall pay the costs of this action, including the victor's attorney's fees. Given the length of this litigation and the extent of plaintiffs representation, this will be [a] great burden and serve the same purpose as § 130-1.1, namely to

---

[2]Unless otherwise noted, all facts are taken from the Amended Complaint.

3

dissuade others from emulating his example." (Am. Compl., Ex. 7 at 22-23.) The Judgment and Order, entered on February 23, 2007, awarded the Sanction Award for "counsel fees and disbursements," payable to the Plaintiffs. (Am. Compl., Ex. 8 at 8.)

On March 14, 2007, the Debtor filed for relief under Chapter 11 of the Bankruptcy Code. On July 18, 2007, the Plaintiffs filed this adversary proceeding objecting to the Debtor's discharge and to the dischargeability of certain debts, including the Sanction Award. Count IV of the Amended Complaint alleges that the Sanction Award is nondischargeable under § 523(a)(7). On November 27, 2007, the Defendant filed the Motion, in which he argues that he is entitled to Judgment as a matter of law because the Sanction Award is not payable to or for the benefit of a governmental unit as required under § 523(a)(7).

## <u>CONCLUSIONS OF LAW</u>

The Court has jurisdiction over this matter under 28 U.S.C. § 1334.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (I).

### A.   *The Judgment on the Pleadings Standard*

Federal Rule of Civil Procedure 12(c), incorporated in Federal Rule of Bankruptcy Procedure 7012, provides that:

> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings....

Fed. R. Bankr. P. 7012(c).

4

A bankruptcy court may grant a motion for judgment on the pleadings only after the pleadings are closed. *In re Jacone*, 156 B.R. 740 (Bankr. S.D.N.Y. 1993). If there are no counter-claims or cross-claims plead in the Answer, the pleadings are closed upon service of the Answer. *Id.* Judgment on the Pleadings is appropriate where "there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002). The Defendant filed an Answer to the Amended Complaint on November 21, 2007, and the pleadings are therefore closed. Nothing in the pleadings indicates that there are any material facts in dispute as related to the Defendant's Motion.

**B.    *11 U.S.C § 523(a)(7)***

The Plaintiffs allege in Count IV of the Amended Complaint that the Sanctions Award is a nondischargeable debt under § 523(a)(7). That section provides that:

> A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt -
>
> ...
>
> (7) to the extent such debt is a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss....

11 U.S.C. § 523(a)(7).

There are two diverging lines of cases interpreting this section.

*1.    Totality of the Circumstances Approach*

Some courts hold that judicial fines and penalties are nondischargeable even if payable to a private litigant as long as the fine was levied to vindicate the dignity and authority of the court. *See In re Allison*, 176 B.R. 60 (S.D. Fla. 1994) ("it is enough that the fine or penalty, although made payable to a party, be awarded to vindicate the dignity and authority of the court"); *In re Winn*, 92 B.R. 938 (Bankr. M.D. Fla. 1988) (stating that the fact that a fine is not payable to a governmental unit is not necessarily determinative if the fine is payable for the benefit of a governmental unit); *In re Gedeon*, 31 B.R. 942 (Bankr. D. Colo. 1983) (finding nondischargeable a civil contempt fine even though payable to an individual plaintiff); *In re Marini*, 28 B.R. 262 (Bankr. E.D.N.Y. 1983) (finding nondischargeable a contempt fine levied primarily to uphold the dignity of the court, even though the fine was to be paid directly to the plaintiff). These cases focus on whether the fine was for the benefit of the governmental unit or whether it was compensation for actual pecuniary loss, without regard to whom payment is made. The determinative issue for these courts is the purpose of the sanction or fine awarded. The Plaintiffs urge the Court to adopt this reasoning.

The Plaintiffs also rely on the Supreme Court ruling in *Kelly v. Robinson*, 479 U.S. 36 (1986), in which the Court held that restitution obligations imposed as conditions of probation in state criminal proceedings are nondischargeable. *Kelly*, 479 U.S. 36.

6

However, the only issue before the Court in *Kelly* was whether a state criminal restitution order was noncompensatory in nature, despite having been "calculated by reference to the amount of harm the offender has caused." *Id.* at 52. The Court reasoned that restitution, although payable to a governmental unit and disbursebale to a private individual, operates primarily for the benefit of the state and is therefore not compensation for actual loss. In reaching its holding, the Court noted that "[c]ourts traditionally have been reluctant to interpret federal bankruptcy statutes to remit state criminal proceedings." *Id.* The Plaintiffs' reliance on *Kelly* is misplaced. The Court in *Kelly* did not interpret or address the phrase "payable to and for the benefit of a governmental unit" in § 523(a)(7). In fact, the restitution payments in *Kelly* were payable to a government agency and that fact was not disputed. Also, in this case the debt in question is an award of sanctions for frivolous conduct in state civil proceedings - not a criminal restitution order as in *Kelly*. Therefore, the Supreme Court's concern with interfering in state criminal proceedings is not present here.

Additionally, in the Response the Plaintiffs urge the Court to look primarily to the "object and policy" of the law in interpreting § 523(a)(7), arguing that the determining factor should be whether the fine is payable "for the benefit of" a government agency. In so arguing, the Plaintiffs rely on *In re*

7

*Telsey*, 144 B.R. 563 (Bankr. S.D. Fla. 1992), in which the court stated that if there is "the slightest penal purpose behind the imposition of a restitution order [it] will justify characterizing the debt as a fine, penalty or forfeiture within the meaning of 11 U.S.C. § 523(a)(7)." 144 B.R. at 565. However, the parties in *Telsey* stipulated that the debt was payable to and for the benefit of a governmental agency. The limited issue before the court was whether the debt was a "fine, penalty, or forfeiture" within the meaning of § 523(a)(7), not whether it was "payable to and for the benefit of" a governmental unit. Even if the Plaintiffs here could demonstrate a penal purpose behind the Sanctions Award, they would still need to show that the Sanctions Award is payable to and for the benefit of a governmental unit in order to fall within the discharge exception of § 523(a)(7). Therefore, the Plaintiffs' reliance on *Telsey* is also misplaced.

   2.   *The Plain Meaning Approach*

   The other line of cases takes a "plain meaning" approach to interpreting § 523(a)(7). *See Hughes v. Sanders*, 469 F.3d 475 (6th Cir. 2006) (finding that § 523(a)(7) requires that the "fine, penalty, or forfeiture" be payable to and for the benefit of a governmental unit); *In re Rashid*, 210 F.3d 201 (3d Cir. 2000)(finding a federal restitution obligation payable directly to the victim was not within § 523(a)(7) because it was not payable to a governmental unit); *In re Friedman*, 253 B.R. 576 (Bankr. S.D.

8

Fla. 2000)(finding that a sanctions award payable to a private party was not excepted from discharge under § 523(a)(7); *In re Bailey*, 202 B.R. 317 (Bankr. D. N. Mex. 1995)(finding that § 523(a)(7) requires a rule 11 sanction be payable to a governmental unit to be nondischargeable); *In re Wood*, 167 B.R. 83, 88 (Bankr. W.D. Tex. 1994)("The fact that one of the purposes for which the sanction was awarded was to uphold the dignity of the legal process in federal court...does not allow this Court to dispense with the other stated requirements of § 523(a)(7)"); *In re Strutz*, 154 B.R. 508 (Bankr. N.D. Ind. 1993)(finding that a debt must be payable to a governmental unit to be nondischargeable under § 523(a)(7)). Under this theory, if the fine, penalty, or forfeiture is payable to a private litigant it does not fall within § 523(a)(7), even if it was levied to vindicate the dignity of the court. Courts adopting this reasoning find that the totality of the circumstances approach is demonstrably at odds with the plain meaning of the statute.

### C. This Court Adopts the Plain Meaning Approach and Finds the Sanctions Award Does Not Fall Within § 523(a)(7).

This Court agrees with the rationale of the plain meaning approach. Section 523(a)(7) unambiguously states that the debt must be payable to *and* for the benefit of a governmental unit. Four distinct requirements must be met in order for a debt to be nondischargeable under § 523(a)(7). The debt must (1) be a fine,

penalty, or forfeiture, (2) be payable to a governmental unit; (3) be payable for the benefit of a governmental unit, and (4) not be compensation for actual pecuniary loss. The totality of the circumstances approach dispenses with the requirement that the debt be payable to a governmental unit by focusing only on the purpose of the fine, penalty, or forfeiture. However, the statute is not written in the disjunctive. All four elements must be satisfied for the debt to be nondischargeable under this section.

The Plaintiffs argue that the Sanctions Award was made payable to the Plaintiffs for their efforts to vindicate the dignity and authority of the New York Court. Even if the Court accepts this allegation as true, the debt is not payable to a governmental unit; it is payable directly to the Plaintiffs. Therefore, the Court finds that the Sanction Award does not fall within the § 523(a)(7) exception to discharge.

## CONCLUSION

Because the Sanctions Award is not payable to a governmental unit it does not fall within the § 523(a)(7) exception to discharge. Therefore, the Court will grant the Debtor's Motion for Judgment on the Pleadings and Count IV of the Amended Complaint will be dismissed.

## ORDER

The Court having considered the submissions of the parties and being otherwise fully advised in the premises, it is hereby

10

**ORDERED AND ADJUDGED** that:

1.    The Motion is **GRANTED**.

2.    Count IV of the Amended Complaint is **DISMISSED**.

### 

Copies Furnished To:

Michael R. Bakst, Esq.

Brian S. Behar, Esq.

Robert J. Edwards, Esq.

AUST