

**ORDERED in the Southern District of Florida on February 23, 2009.**

**Paul G. Hyman, Chief Judge**
**United States Bankruptcy Court**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

In re:                                    Case No.:07-11728-BKC-PGH

Warren C. McDowell,                       Chapter 11

    Debtors.
_____/

Judith F. Stein and                       Adv. No.:07-01564-BKC-PGH
David S.J. Neufeld,

    Plaintiff,
v.

Warren C. McDowell,

    Defendant.
_____/

<u>**MEMORANDUM ORDER ON REMAND FROM DISTRICT COURT**</u>

    **THIS MATTER** came before the Court upon the United States District Court for the Southern District of Florida's (the "District Court") *Order Affirming Bankruptcy Court Order; Denying Motion to Strike; Closing and Remanding Case* ("District Court's

Order"). *McDowell v. Stein*, No. 08-80998 (S.D. Fla. January 20, 2009).

As an initial matter, the District Court correctly noted that if the Supreme Court of the State of New York's ("New York Court") Memorandum Opinion and Judgment ("New York Court's Decision") is reversed on appeal, the District Court's Order and this Court's *Order Granting Plaintiffs' Motion for Summary Judgment* ("Order") [D.E. 106] entered in the above-referenced adversary proceeding may need to be reevaluated. Accordingly, this Court retains jurisdiction to alter or amend its Order, upon appropriate motion by Plaintiff or Defendant, if the New York Court's Decision is reversed, altered, amended, or remanded on appeal.

The District Court's Order affirmed this Court's conclusions that: 1) the New York Court's Decision collaterally estops Warren C. McDowell (the "Defendant") from re-litigating the issue of fraud, and to the extent the New York Court assesses damages against the Defendant for fraud, such debt is nondischargeable under 11 U.S.C. § 523(a)(2); 2) to the extent that the New York Court imposes damages for breach of fiduciary duty, such debt is nondischargeable under 11 U.S.C. § 523(a)(4); 3) to the extent the New York Court awards punitive damages for willful and malicious conduct, such debt is nondischargeable under 11 U.S.C. § 523(a)(6); and 4) to the extent that the New York Court awards damages for violation of the preliminary injunction, such damages are

nondischargeable under 11 U.S.C. § 523(a)(6).  The District Court noted, however, that the appeal of the New York Court's Decision is automatically stayed as a result of bankruptcy.  The District Court thus remanded the Court's Order to consider how best to proceed.

On April 30, 2007, Judge Friedman entered in the above-referenced main bankruptcy case, an *Order Granting Emergency Motion for Relief From Automatic Stay Pursuant to 11 U.S.C. § 362(d) and Local Rule 9075-1 by Creditors, Judith Stein, Individually, and as Co-Executor of Estate of Kenneth F. Stein, Jr., and David S.J. Neufeld, as Co-Executor of Estate of Kenneth F. Stein, Jr., and on Behalf of Shareholders of Lone Hills Properties, Inc.* ("Order Granting Relief From Stay") [D.E. 63].  The Court believes it was Judge Friedman's intent in that order to grant relief from the automatic stay to permit the parties to further litigate the action through the appellate process. In the event the Order Granting Relief From Stay is construed otherwise, this Court, *sua sponte*, grants Judith F. Stein, David S. J. Neufeld (collectively, the "Plaintiffs"), and Defendant relief from stay to litigate the claims through the appellate process.  11 U.S.C. § 105(a); *Miller & Miller Auctioneers, Inc. v. Ritchie Bros. Auctioneers Intl. (In re Mo. Properties, Ltd.)*, 211 B.R. 914, 928 (Bankr. W.D. Mo. 1996)("[T]his Court has the authority to issue, *sua sponte*, any order necessary to more efficiently administer a proceeding related to a bankruptcy case."); *Elder Beerman Stores Corp. v. Thomasville*

*Furniture Indus, Inc. (In re Elder-Beerman Stores Corp.)*, 195 B.R. 1019, 1023 (Bankr. S.D. Ohio 1996)("Bankruptcy courts then have the power, whether on the request of a party in interest or *sua sponte*, to consider both what acts constitute a violation of the stay and whether or not relief from stay is appropriate"); *Swift v. Bellucci (In re Bellucci)*, 119 B.R. 763, 779 (Bankr. E.D. Cal. 1990)

## ORDER

The Court, having reviewed the District Court's Order, and being otherwise fully advised in the premises, hereby **ORDERS AND ADJUDGES** that:

1.  The Plaintiffs and Defendant are granted relief from the automatic stay to appeal the New York Court's Decision.

2.  This Court retains jurisdiction to alter or amend its Order, upon appropriate motion by Plaintiffs or Defendant, if the New York Court's Decision is reversed, altered, amended, or remanded on appeal.

###

Copies furnished to:

Heather L. Ries, Esq.

Brian S. Behar, Esq.

Brian S. Behar, Esq. is directed to mail a conformed copy of this judgment to all interested parties not listed above and to file a

certificate of service with the Court.

AUST